**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **EUSEBIO PALACIOS,** ) | |
| **JOSEFINA CASTRO,** ) | |
| **JUAN CASTRO,** ) | |
| Plaintiffs, ) | |
| vs. ) | No. 3:12-CV-0851-B-BH |
| ) | |
| **BANK OF AMERICA, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

Plaintiffs filed this case and moved to proceed *in forma pauperis* (IFP) on March 22, 2012. On March 26, 2012, the Court issued a *Notice of Deficiency and Order* advising Plaintiffs that their application did not have sufficient information for it to determine whether IFP status was appropriate for all three plaintiffs. (*See* doc. 8.) The order provided:

> **Each party seeking to proceed *in forma pauperis* must submit either: (1) an individual, properly signed and completed application; or (2) a joint, properly signed and completed application with his or her identified spouse. The applications must be submitted within TWENTY (20) days of the date of this order.**

*Id.* The order specifically advised that a failure to timely file IFP applications could result in the dismissal of this case. *Id.* More than twenty days from the date of the order have passed, but the plaintiffs have not filed their IFP applications or anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiffs failed to comply with the March 26, 2012 order that they submit their IFP applications within twenty days despite a warning that failure to do so could result in dismissal of the case. Nor have they filed anything else. Because they failed to follow a court order or otherwise show that they intend to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Plaintiffs file their IFP applications within the time for objecting to this recommendation.

**SO RECOMMENDED on this 3rd day of May, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE